UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ANNIE M. HESTER,

        Plaintiff,                   CASE NO.: 2:08-CV-10113

vs.

MICHAEL J. ASTRUE,          DISTRICT JUDGE PAUL D. BORMAN
COMMISSIONER OF           MAGISTRATE JUDGE STEVEN D. PEPE
SOCIAL SECURITY,

        Defendant(s).
_____/

**Report and Recommendation to Grant Defendant's Motion to Dismiss (Dkt. # 11)**

Plaintiff, Annie M. Hester, has brought this action under 42 U.S.C. § 405(g) to seek judicial review of Defendant's dismissal without an administrative hearing of her claim for disability benefits under Title II of the Social Security Act ("Act"). Because there has been no "final decision" of the Commissioner, as required by section 205(g) of the Social Security Act, 42 U.S.C. §405(g), this Court has no jurisdiction and thus **IT IS RECOMMENDED** that Defendant's motion to dismiss be **GRANTED**.

**I.    Procedural History:**

Plaintiff's complaint seeks judicial review of the decision of the Commissioner of Social Security (Dkt. # 1). On January 8, 2008, Plaintiff filed Applications to Proceed *In Forma Pauperis* and for Appointment of Counsel (Dkt. # 2 & 3), and all pretrial matters were referred to the undersigned (Dkt. # 4). On March 20, 2008, Defendant filed a motion to dismiss on grounds of *res judicata* (Dkt. # 11).

Plaintiff first filed an application for disability insurance benefits ("DIB") on August 3, 1993, alleging disability since May 10, 1993. On September 6, 1995, Administrative Law

Judge ("ALJ") William Boham issued a decision denying Plaintiff's application for benefits, finding that she could perform a full range of sedentary work.  On December 5, 1996, the Appeals Council denied review.

On July 28, 1997, Plaintiff filed a second application for DIB, again alleging that her disability began on May 10, 1993. Her application was denied initially, on reconsideration, and on June 4, 1999, by ALJ Melvyn B. Kalt's decision. The Appeals Council denied review on February 5, 2001.  Plaintiff filed a civil action in the United States District Court for the Eastern District of Michigan Southern Division.  The undersigned issued a Report and Recommendation recommending summary judgment for the Defendant, which was adopted by District Judge Cleland on March 28, 2002.[1]  Plaintiff was found to have met the insured status requirements of the Act through December 31, 1998, but not thereafter.  No appeal action was taken to the Sixth Circuit.

On April 29, 2002, Plaintiff filed another application for DIB, alleging disability since May 10, 1993, the same onset of disability date as her other applications.  The application was denied initially and upon reconsideration.  On January 7, 2003, an ALJ dismissed Plaintiff's request for a hearing on the basis of administrative *res judicata* because Plaintiff's request for a hearing involved the rights of the same Plaintiff on the same facts and on the same issues which were decided in the final decision of June 4, 1999.  On August 6, 2004, the undersigned issued a Report and Recommendation recommending that Defendant's motion to dismiss based on *res judicata* be granted.  This Report and Recommendation was adopted by Judge Cleland on September 15, 2004.

---

[1] The facts discussed are drawn from the undersigned's August 6, 2004, Report and Recommendation.

On October 29, 2004, Plaintiff again filed an application for DIB citing May 10, 1993, as the onset date of disability. On November 15, 2007, ALJ Donald G. D'Amato dismissed Plaintiff's October 29, 2004, application for a period of disability finding that *res judicata* applied as this claim was based on the same facts and issues previously resolved in a prior June 4, 1999, decision by ALJ Melvyn B. Kalt (Dkt. # 1, p. 5). ALJ D'Amato dismissed Plaintiff's request for a hearing and held that the June 4, 1999, decision remained in effect. *Id.* Plaintiff did not file a request for review with the Appeals Council instead filing the present civil action.

In her complaint, Plaintiff asserts that a colorable constitutional claim exists (Dkt. # 1, p. 4) even though District Court Judge Robert H. Cleland dismissed, on September 15, 2004, claimant's claim given the absence of a colorable constitutional claim. *Id.* at 6.

## II.     Analysis:

This Court has jurisdiction under 42 U.S.C. § 405(g) to review any action of the Commissioner only when there has been a "final decision of the Commissioner of Social Security made after a hearing." Section 405(h) further provides that "no findings of fact or decision of the Commission of Social Security shall be reviewed by any person, tribunal, or governmental agency except as herein provided."

Courts applying this language have held that denials of requests to review claims based on administrative *res judicata* are treated like a refusal to reopen and reconsider the earlier decision denying benefits. They are not subject to judicial review unless there is a colorable constitutional claim raised. *Carver v. Secretary of HHS*, 869 F.2d 289, 292 (6th Cir. 1989); *Cottrel v. Sec. of HHS*, 987 F.2d 342, 345 (6th Cir. 1993). A decision by the Commissioner not to reopen a prior case is not a "final decision of the Secretary" and is therefore not subject to judicial review. *Califano v. Sanders*, 430 U.S. 99, 109 (1977).

Plaintiff's present Complaint totals one page, and asks that this Court "review the entire case and grant, award" for her case (Dkt. # 1, p. 4). The only assertion made by Plaintiff is that "there are violations committed, which is wrong there's a colorable constitutional claim." *Id.* (internal quotations removed). No support is provided for her assertion that there exists "a colorable constitutional violation."

Rather, it appears that the Plaintiff's Complaint references the undersigned's August 2004 Report and Recommendation which noted that denials of review "are not subject to judicial review unless there is a colorable constitutional claim raised," further noting that due to Plaintiff's failure to cite a constitutional claim "this Court has no jurisdiction to consider her claim" (August 6, 2004, Report and Recommendation, p. 4). Because Plaintiff was proceeding *pro se*, the undersigned, in the August 2004 Report and Recommendation, carefully reviewed the case file for the existence of any possible constitutional claim. No such claim was found.

Rule 8(a), Fed. R. Civ. P., requires a "short and plain statement of the claim showing that the pleader is entitled to relief." The sufficiency of the complaint is a question of law, and a pleader cannot rest his complaint on "the bare assertion of legal conclusions." *In re Delorean Motor Co.*, 991 F.2d 1236, 1240 (6th Cir. 1993). The complaint must "contain either direct or inferential allegations respecting all material elements to sustain a recovery under some viable legal theory." *Scheid v. Fanny Farmer Candy Shops, Inc.*, 859 F.2d 434, 436 (6th Cir. 1988). Plaintiff has failed to provide such a short and plain statement.

"[W]hen ruling on a defendant's motion to dismiss, a judge must accept as true all of the factual allegations contained in the complaint." *Bell Atlantic Corp. v. Twombly*, 550 U.S. ----, 127 S.Ct. 1955, 1965 (2007), *Erickson v. Pardus*, 127 S.Ct. 2197, 2200 (2007). "However, while liberal, this standard of review does require more than the bare assertion of legal

conclusions." *Columbia Natural Res., Inc. V. Tatum*, 58 F.3d 1101, 1109 (6th Cir. 1994). "In practice, a ... complaint must contain either direct or inferential allegations respecting all the material elements to sustain a recovery under *some* viable legal theory." *In re DeLorean*, 991 F.2d 1236, 1240 (6th Cir. 1993) (emphasis in original) (quoting *Scheid v. Fanny Farmer Candy Shops, Inc.*, 859 F.2d 434, 436 (6th Cir.1988)). *See also*, *Morgan v. Church's Fried Chicken*, 829 F.2d 10, 12 (6th Cir.1987) (liberal Rule 12(b)(6) review is not afforded legal conclusions and unwarranted factual inferences); *Ana Leon T. v. Federal Reserve Bank*, 823 F.2d 928, 930 (6th Cir. 1987) (per curiam) (mere conclusions are not afforded liberal Rule 12(b)(6) review).

*Conley v. Gibson*, 355 U.S. 41, 46 (1957), spoke of "the accepted rule that a complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can *prove no set of facts* in support of his claim which would entitle him to relief." (Emphasis supplied.) *Twombly*, notes that under a "literal reading of *Conley's* 'no set of facts' standard, a wholly conclusory statement of claim would survive a motion to dismiss whenever the pleadings left open the possibility that a plaintiff might later establish some 'set of [undisclosed] facts' to support recovery." *Twombly*, 127 S.Ct. at 1968. *Twombly*, rejects this literal reading of *Conley* and required that pleadings state sufficient facts to show not just a possible, but a "plausible" claim of relief. Instead of the 'no set of facts' standard of *Conley*, *Twombly* endorsed the standard that a complaint be plausible to the extent that from the facts alleged there is a " 'reasonably founded hope' that a plaintiff would be able to make a case," citing *Dura Pharmaceuticals, Inc. v. Broudo*, 544 U.S. 336, 347 (2005) and its quote from *Blue Chip Stamps v. Manor Drug Stores*, 421 U.S. 723, 741 (1975).

Notwithstanding Plaintiff's conclusory statement, Plaintiff has failed to meet the requirements of *Twombly*, and has provided no factual basis for her claim that a colorable

constitutional claim exists.  Previously, the undersigned examined Plaintiff's suit for the existence of such a constitutional claim.  No such claim was found.

**III.    Recommendation:**

Given the lack of a "final decision" and Plaintiff's failure to show the existence of a colorable constitutional claim, there is no subject matter jurisdiction to consider Plaintiff's claim. Accordingly, for the reasons stated above, **IT IS RECOMMENDED** that Defendant's motion to dismiss be **GRANTED**.

Either party to this action may object to and seek review of this Report and Recommendation, but must act within ten days of service of a copy hereof as provided for in 28 U.S.C. section 636(b)(1) and E.D. Mich. LR 72.1(d)(2). Failure to file specific objections constitutes a waiver of any further right of appeal. United States v. Walters, 638 F.2d 947 (6th Cir. 1981), Thomas v. Arn, 474 U.S. 140 (1985), Howard v. Secretary of HHS, 932 F.2d 505 (6th Cir. 1991). Filing objections which raise some issues but fail to raise others with specificity will not preserve all objections that party might have to this Report and Recommendation. Smith v. Detroit Fed'n of Teachers Local 231, 829 F.2d 1370, 1373 (6th Cir. 1987), Willis v. Secretary of HHS, 931 F.2d 390, 401 (6th Cir. 1991). Pursuant to E.D. Mich. LR 72.1(d)(2), a copy of any objection must be served upon this Magistrate Judge.

Note: any objections must be labeled as "Objection #1," "Objection #2," etc.; any objection must recite precisely the provision of this Report and Recommendation to which it pertains. Not later than ten days after service an objection, the opposing party must file a concise response proportionate to the objections in length and complexity. The response must specifically address each issue raised in the objections, in the same order and labeled as "Response to Objection #1," "Response to Objection #2," etc.

Dated: June 30, 2008  s/Steven D. Pepe
Ann Arbor, Michigan  United States Magistrate Judge

**CERTIFICATE OF SERVICE**

I hereby certify that a copy of the foregoing *Report and Recommendation* was served on the attorneys and/or parties of record by electronic means or U.S. Mail on June 30, 2008.

s/ Alissa Greer
Case Manager to Magistrate
Judge Steven D. Pepe
(734) 741-2298