# UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF MICHIGAN
## SOUTHERN DIVISION

ANNIE M. HESTER,

        Plaintiff,

v.                                                    Case No. 08-CV-10113

COMMISSIONER OF SOCIAL SECURITY,

        Defendant.

_____/

## OPINION AND ORDER ADOPTING THE MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION AND GRANTING DEFENDANT'S MOTION TO DISMISS

On June 30, 2008, Magistrate Judge Steven D. Pepe issued a report and recommendation in the above-captioned matter, recommending that the court grant Defendant Commissioner of Social Security's motion to dismiss. On July 14, 2008, Plaintiff filed timely objections to the magistrate judge's report and recommendation. For the reasons stated below, the court will adopt the report and recommendation and grant Defendant's motion to dismiss.

## I.  STANDARD

### A. Substantial Evidence Standard

Under 42 U.S.C. § 405(g), the Commissioner's findings of fact are conclusive if supported by substantial evidence. When the plaintiff fails to request a review by the Appeals Council or the Appeals Council declines review, "the decision of the ALJ becomes the final decision of the [Commissioner]." 20 C.F.R. § 404.955(a) (2007); *Casey v. Sec'y of Health & Human Servs.*, 987 F.2d 1230, 1233 (6th Cir. 1993) (per curiam). Judicial review when the Appeals Council declines to hear an appeal of the denial of benefits is limited to the record and evidence before the ALJ. *Cotton v.*

*Sullivan*, 2 F.3d 692, 696 (6th Cir. 1993). Thus, in this case, the court's review of the ALJ's decision "is limited to determining whether the [ALJ's] findings are supported by substantial evidence and whether [he] employed the proper legal standards in reaching [his] conclusion." *Brainard v. Sec'y of Health & Human Servs.*, 889 F.2d 679, 681 (6th Cir. 1989) (*citing Richardson v. Perales*, 402 U.S. 389, 401 (1971)).

The court's review of the record for substantial evidence is quite deferential to the ALJ's evaluation of the facts. The court must uphold the ALJ's finding if supported by substantial evidence. "Substantial evidence is more than a scintilla of evidence but less than a preponderance and is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Brainard*, 889 F.2d at 681. "Substantial evidence exists when a reasonable mind could accept the evidence as adequate to support the challenged conclusion, even if that evidence could support a decision the other way." *Casey*, 987 F.2d at 1233. Moreover, the court bases its review on the entire record, not just what the ALJ cited. *Heston v. Comm'r of Soc. Sec.*, 245 F.3d 528, 535 (6th Cir. 2001) ("Judicial review of the Secretary's findings must be based on the record as a whole. Both the court of appeals and the district court may look to any evidence in the record, regardless of whether it has been cited by the Appeals Council.").

## B. *Res Judicata* and Jurisdiction for Judicial Review

An ALJ may apply the doctrine of administrative *res judicata* to dismiss a hearing request where a prior decision was made about Plaintiff's "rights on the same facts and on the same issue or issues, and this previous determination or decision has become final by either administration or judicial action." 20 C.F.R. § 404.957(c)(1) (2008). The court treats the application of administrative *res judicata* as a refusal to reopen a case. *Cottrel v. Sec'y of Health & Human Servs*., 987 F.2d 342, 345 (6th Cir. 1992). The court has jurisdiction to review "any final decision of the Commissioner of Social Security made after a hearing" in which Plaintiff was a party. 42 U.S.C. §405(g). The Commissioner's decision not to reopen a case, however, is not a "final decision of the Commissioner" and absent a colorable constitutional claim is therefore outside the court's jurisdiction. *Cottrel*, 987 F.2d at 345; *Califano v. Sanders*, 430 U.S. 99, 108 (1977).

## II. DISCUSSION

Before reaching Plaintiff's objections, the court must first determine whether the Commissioner has rendered a final decision, granting the court jurisdiction for judicial review. 42 U.S.C. §405(g).

The court agrees with the magistrate judge's determination that there has been no final decision by the Commissioner regarding Plaintiff's current claim. (R&R at 6.) As both the ALJ and magistrate observed, Plaintiff has filed applications for disability insurance benefits four times since 1993, all alleging a disability beginning May 10, 1993. (R&R at 1-2; Compl. 5-6.) The first application was denied after Appeals Council review, the second was denied after this court adopted Magistrate Judge Steven D.

Pepe's summary judgement recommendation and the third was denied after the ALJ applied administrative *res judicata*. (R&R at 2-3.) Turning to Plaintiff's current application, the ALJ compared "the evidence considered in reaching previous decision[s] with that relating to the claimant's current claim" and concluded the current claim lacked any "new and material evidence." (ALJ's Decision, Compl., Ex. A.) Based on this conclusion, the ALJ chose to dismiss Plaintiff's claim based on administrative *res judicata*. *Id.* This exercise of administrative *res judicata* is equivalent to the Commissioner's deciding not to reopen a case and thus is not a "final decision of the Commissioner." *Cottrel*, 987 F.2d at 345; *Califano,* 430 U.S. at 108. Without a final decision of the Commissioner, the court is without jurisdiction over Plaintiff's claim, unless the court can find a colorable constitutional claim. *Cottrel*, 987 F.2d at 345.

The magistrate judge was unable to find any constitutional claim in Plaintiff's complaint beyond the simple averment that a "colorable constitutional claim" exists. (R&R at 4.) Nor did the magistrate find anything else in the record to support Plaintiff's claim. *Id.* As the magistrate relates, Plaintiff's case file was carefully reviewed in 2004 for the existence of any possible constitutional claim. *Id.* No constitutional claim was found at that time. *Id.* Neither Plaintiff's current complaint or objections present the court with any additional evidence of a colorable constitutional claim. The court also agrees with the magistrate's finding that the case file, as a whole, does not contain a colorable constitutional claim.

The court finds the ALJ's application of administrative *res judicata*, together with the magistrate's careful review of the Plaintiff's case file, supports the magistrate's recommendation to grant Defendant's motion to dismiss Plaintiff's complaint for lack of

jurisdiction. In doing so, the court does not have jurisdiction to review Plaintiff's objections beyond those implicating a colorable constitutional claim.

### III. CONCLUSION

For the reasons stated above, IT IS ORDERED that the magistrate judge's June 30, 2008 report and recommendation [Dkt. # 13] is ADOPTED IN FULL AND INCORPORATED BY REFERENCE.

IT IS FURTHER ORDERED that Defendant's motion to dismiss [Dkt. # 11] is GRANTED.

          s/Robert H. Cleland

          ROBERT H. CLELAND
          UNITED STATES DISTRICT JUDGE

Dated: August 29, 2008

I hereby certify that a copy of the foregoing document was mailed to Annie Hester and counsel of record on this date, August 29, 2008, by electronic and/or ordinary mail.

          s/Lisa Wagner

          Case Manager and Deputy Clerk
          (313) 234-5522